IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAMMY VAUGHN, <br><br> Plaintiff <br><br> VS. <br><br> MICHAEL J. ASTRUE, <br> S.S. Commissioner, <br><br> Defendant | NO. 5:06-CV-332 (CWH) <br><br> **SOCIAL SECURITY APPEAL** <br><br> BEFORE THE U. S. MAGISTRATE JUDGE |

## **O R D E R**

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. On May 12, 2003, plaintiff TAMMY VAUGHN filed an application for Social Security Disability Benefits. The application was denied, and the plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on December , 2005. In a decision dated February 22, 2006, the ALJ found that the plaintiff was not disabled  The Appeals Council denied the plaintiff's request for review; thus, all administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). All parties have heretofore consented for this matter to be determined by the United States Magistrate Judge.

The plaintiff alleges disability commencing in September 2000 due to fibromyalgia, scoliosis, diarrhea, chronic asthma, colitis, depression, emphysema, and problems associated with her hip, leg, and knee.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. ***Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. ***Carnes v. Sullivan***, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. ***Wheeler v. Heckler***, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also **Graham v. Bowen***, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. ***Bowen v. Heckler***, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

The plaintiff first alleges that the ALJ ignored a some of Dr. Hutchings' — a consulting physician — findings when the ALJ posed a hypothetical to the vocational expert ("VE") and determined the plaintiff's residual functional capacity. The plaintiff opines that the ALJ's failure to acknowledge these findings renders his decision one based not on substantial evidence.

Dr. Hutchings concluded that the plaintiff's abilities to reach, push, pull, **grasp, and finger** were all moderately affected by her medical impairments (Tr. at 360), and that the plaintiff could lift only light weight and would have to change positions "often" between sitting and standing. Tr. at 361. Hutchings also found that the both of the plaintiff's hands were limited in their ability to grip and pinch, noting a 4 out of 5 on both aspects of both hands. Hutchings limited the plaintiff to "light" activities of daily living. Tr. at 360.

The ALJ's opinion specifically provides that he "concur[red] with Dr. Hutchings opinion . . . and [ ] tailored the residual functional capacity to incorporate his conclusions, as they are well supported by the clinical signs and findings in this case." Tr. at 21.

After the VE testified that a hypothetical individual with the plaintiff's limitations with respect to all aspects of daily living other than her ability to grip and pinch could perform some specific jobs in the local and national economy, the ALJ asked the VE if the jobs he had described included constant or frequent keyboarding. Tr. at 520-521. The VE responded that they did not.

The plaintiff argues that because the ALJ did not include in his hypothetical any reference to plaintiff's ability to grasp and finger, the hypothetical was incomplete and therefore not an accurate representation of the plaintiff. The Commissioner counters with an argument that the ALJ's limitation on the plaintiff's ability to keyboard sufficiently represented the limitations found by Dr. Hutchings.

-3-

The Commissioner's argument is convincing. It is apparent from the hypothetical the ALJ posed and from the body of the ALJ's opinion that he felt that the limitations Dr. Hutchings discussed were adequately represented by his questions regarding keyboarding. The ALJ had to reconcile Hutchings' statement that the plaintiff had "fairly normal manual dexterity" with Hutchings' conclusion that the plaintiff's ability to grasp and finger was moderately limited. The ALJ came to the conclusion that limitations on keyboarding would sufficiently comprise the plaintiff's limitations, and that conclusion is supported by substantial evidence.

The plaintiff's second and final argument as to why the ALJ's decision should be reversed or remanded calls into question the reasons that the ALJ discounted the plaintiff's credibility. While the ALJ was mistaken when he stated that the plaintiff was single (the evidence appears uncontroverted that the plaintiff was in fact married for all times pertinent to this claim), determinations of credibility are the responsibility of the ALJ, and this federal court will not second guess his findings as to credibility.

## CONCLUSION

For the reasons set forth above, the ALJ's findings were supported by substantial evidence, and the Commissioner's denial of benefits is **AFFIRMED**.

SO ORDERED, this 28th day of MARCH, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE